NATIONAL ASSOCIATION OF
REALTORS, Plaintiff,

v.

NATIONAL REAL ESTATE
ASSOCIATION, INC., et
al., Defendants.

No. 88 C 9245.

United States District Court,
N.D. Illinois, E.D.

Nov. 3, 1988.

Matthew J. Iverson, Burditt, Bowles &
Radzius, Chartered, Chicago, Ill., for plaintiff.

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

National Association of Realtors ("NAR") has sued National Real Estate Association, Inc. ("NREA"), Trihedron International Assurance, Ltd. ("Trihedron") and three other co-defendants, each of the latter being described as "a citizen of a foreign state, being an offshore insurance company with its principal place of business outside of the United States" (Complaint ¶¶ 4–6). Based on this Court's initial review of the Complaint,[1] this action is dismissed for lack of subject matter jurisdiction.

Federal jurisdiction is sought to be predicated on diversity of citizenship, taking into account the dual citizenship of United States corporations under 28 U.S.C. § 1332(c) [2]:

1. Each of Trihedron and the other three codefendants is a "citizen[ ] or subject[ ]" of a foreign state" (Section 1332(a)(3)).

2. NREA is an Ohio citizen in terms of both its state of incorporation and the location of its principal place of business (Complaint ¶ 2).

3. NAR has the same dual citizenship relationship with Illinois (Complaint ¶ 1).

If those were indeed the real parties in interest in this litigation, Section 1332(a)(3) would therefore vest this Court with jurisdiction.

But that is not at all the case. Although the case caption says NAR sues "on behalf of itself and its members," Complaint ¶ 1 more accurately states:

1. It [NAR] is a national trade association whose members are real estate brokers and agents located in Illinois and throughout the country. Members in NAR are Realtors. NAR brings this action on behalf of all of its members.

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

NAR's Complaint may be searched in vain for any hint that *it* advances any claim of its own against any defendant. Rather the Complaint's allegations are that NAR's *members* have been the victims of defendants' fraudulent scheme of selling errors-and-omissions insurance based on false and misleading misrepresentations. NAR is nothing more than a surrogate asserting the direct claims of its members (who or which are the "real parties in interest" under Fed.R.Civ.P. 17(a)).

No complete diversity exists between NREA and NAR's *members* (after all, the Complaint does not say *none* of those members is an Ohio citizen).[3] This situation, in which the rights of NAR's members are really the subject of suit, is no different conceptually from that discussed in such cases as *United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 149–53, 86 S.Ct. 272, 274–76, 15 L.Ed. 2d 217 (1965), where the citizenship of every member of an unincorporated association must be looked at to see whether diversity exists in federal jurisdictional terms; accord, 13 B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3630, at 682–89 and cases cited (1984 and 1988 pocket part); *Navarro Savings Association v. Lee*, 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980); and contrast *id.* at 462–65, 100 S.Ct. at 1782–84.

Accordingly NAR's effort to bring the Complaint's state-law claims into federal court is fatally flawed. Because the jurisdictional defect identified in this memorandum opinion is noncurable, this action (and not merely the present Complaint) is dismissed for lack of subject matter jurisdiction.

---

**3.** Under the circumstances, it is quite irrelevant that NAR is itself a corporation rather than some other kind of legal entity. It may also be noted parenthetically that Complaint ¶ 2 says "NREA purports to be a trade association with a membership composed of real estate brokers and appraisers." That suggests at least the possibility that the multiple citizenship problems dealt with in this text paragraph may infect both sides of the picture—defendants as well as plaintiffs. This opinion has not proceeded on that premise, however.